## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAYMOND H. KIMBLE, III**<br>    **D.O.C. # 503830** | : | **DOCKET NO. 2:23-cv-0921**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Pro se plaintiff, Raymond H. Kimble, III ("Kimble"), filed a civil rights complaint pursuant to 42 U.S.C. §1983. Kimble, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Allen Correction Center in Kinder, Louisiana.  On July 10, 2023, he filed a complaint, which included a Motion for Temporary Restraining Order or Preliminary Injunction, presently before this Court.  Doc. 1.

 This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion for Temporary Restraining Order be **DENIED**.

### I.
#### BACKGROUND

Plaintiff complains that the Allen Correctional Center (ACC) is "full of second hand smoking." Doc. 1, p. 6.  The "dangerous toxins" in the smoke is causing nasal irritation and a burning sensation in plaintiff's eyes.  *Id*.  Plaintiff seeks a temporary restraining order or preliminary injunction, pursuant to which this Court would "order defendants to cease plaintiffs

exposure to second hand smoke and/or the dangerous toxins associated with second hand smoke."
*Id*. at p. 8.

## II.
### LAW AND ANALYSIS

### A.  TRO

A preliminary injunction can be issued only after notice to the adverse party. See Fed. R.

Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may

only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant
> before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice
> and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to

show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson,* 556 F.3d 351,

360 (5th Cir. 2009). The purpose of a temporary restraining order is to "preserve, for a very brief

time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a

preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976);

*see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of*

*Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that ex parte temporary restraining orders "should

be restricted to serving their underlying purpose of preserving the status quo").

Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a

TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely,

but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*,

862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss.*

*Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985).

Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

### B.  Application

Kimble has not shown that there is a substantial threat of irreparable injury if an injunctive relief is not granted. Although he alleges that he is experiencing nasal irritation and a burning sensation in his eyes, he has failed to show that he would suffer irreparable injury if the injunction were not granted. Accordingly, Kimble has not made the necessary showing for entitlement to injunctive relief in this case. His claims can be addressed in due course after he complies with this Court's July 19, 2023, Order to submit a filing fee or a completed IFP application. *See* doc. 5.

### III.
#### CONCLUSION

For reasons stated above,

**IT IS RECOMMENDED** that Kimble's Motion for Temporary Restraining Order (doc. 1) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of July, 2023.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE